IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAM J. DURST, )
)
         Plaintiff, )
)
v. ) No. 05 C 574
)
ILLINOIS FARMERS INSURANCE )
COMPANY and AL SANCHEZ, )
)
         Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Illinois Farmers Insurance Company's ("IFIC") motion to dismiss. For the reasons stated below, we deny the motion.

## BACKGROUND

Plaintiff William J. Durst ("Durst") claims that he was formerly employed at IFIC. Durst alleges that during his employment at IFIC, IFIC discriminated against him in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. Specifically, Durst claims that IFIC failed to reasonably accommodate his

1

disabilities and that IFIC "subjected [him] to continuous verbal harassment and questions as to when [he] was going to retire." (Compl. 4) IFIC filed a motion to dismiss Durst's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)").

## LEGAL STANDARD

Rule 12(b)(1) requires a court to dismiss an action when it lacks subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003). If the concern of the court or party challenging subject matter jurisdiction is that "subject matter jurisdiction is not evident on the face of the complaint, the motion to dismiss pursuant to Rule 12(b)(1) would be analyzed as any other motion to dismiss, by assuming for purposes of the motion that the allegations in the complaint are true." *Id.; see also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)(stating that when reviewing a motion to dismiss brought under Rule 12(b)(1), this court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff."). However, if the complaint appears on its face to indicate that the court has subject matter jurisdiction, "but the contention is that there is *in fact* no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *United Phosphorus, Ltd.*, 322 F.3d at 946. For the purpose of determining subject matter jurisdiction, this court

"may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Ezekiel*, 66 F.3d at 897 (quoting *Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993)). The burden of proof in regards to a Rule 12(b)(1) motion is "on the party asserting jurisdiction." *United Phosphorus, Ltd.*, 322 F.3d at 946.

## DISCUSSION

IFIC argues that Durst does not have standing to sue IFIC under the ADA or the ADEA, since Durst was an independent contractor and therefore not an employee of IFIC. It is well settled that "independent contractors do not have standing to sue" under the ADA and the AEDA. *Flannery v. Recording Industry Association of America*, 354 F.3d 632, 642 (7th Cir. 2004). However, "former employees" have a "right to sue their former employers." *See id.* (quoting in part *Verpinsky v. Flour Daniel, Inc.*, 87 F.3d 881, 891 (7th Cir. 1996)). In order to determine whether an individual is an independent contractor or an employee, a court must consider "(1) the extent of the employer's control and supervision over the worker, including directions on scheduling and performance of work, (2) the kind of occupation and nature of skill required, including whether skills are obtained in the work place, (3) responsibility for the costs of operation, such as equipment,

supplies, fees, licenses, workplace, and maintenance operations, (4) method and form of payment and benefits, and (5) length of job commitment and/or expectations." *EEOC v. North Knox School Corp.*, 154 F.3d 744, 747 (7th Cir. 1998)).

In the instant action, Durst does not allege that he is suing IFIC as an independent contractor, but rather indicates that he is suing IFIC as a former employee. (Compl. 1-5; Pl.'s Response 1). Specifically, Durst contends that he "was not an independent contractor but an employee of [IFIC]." (Compl. 4). Whether Durst was actually an employee or an independent contractor of IFIC "cannot be decided at this early stage of the litigation" based on the limited record before the court. *Flannery*, 354 F.3d at 641. Specifically, the extent of IFIC's "control or supervision" over Durst will "involve[] an application of the law to [] facts" that will be more developed after discovery is completed. *See Aberman v. J. Abouchar & Sons, Incorporated*, 160 F.3d 1148, 1150 (7th Cir. 1998)(quoting *North Knox School Corp.*, 154 F.3d at 747). Accordingly, at this stage in the proceedings, the court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of" Durst. *Ezekiel*, 66 F.3d at 897. Thus, for purposes of adjudicating IFIC's motion to dismiss, the court accepts as true Durst's allegations in his complaint and cannot find at this juncture that Durst lacks standing

to sue IFIC under the ADA and the AEDA. Fed. R. Civ. P 12(b)(1). Therefore, IFIC's motion to dismiss for lack of subject matter jurisdiction is denied.

## CONCLUSION

Based on the foregoing analysis, IFIC's motion to dismiss for lack of subject matter jurisdiction is denied.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 16, 2005