IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM J. DURST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 C 574 |
| | ) | |
| ILLINOIS FARMERS INSURANCE | ) | |
| COMPANY and AL SANCHEZ, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Illinois Farmers Insurance Company's ("IFIC") motion for summary judgment. For the reasons stated below, we grant IFIC's motion for summary judgment in its entirety.

## BACKGROUND

Plaintiff William Durst ("Durst") alleges that he was an employee of IFIC. Specifically, Durst claims that he was employed by IFIC from December 1984, when he signed an agreement with IFIC that permitted Durst to sell IFIC's insurance products for a commission, until October 2003, when Durst claims that "even though

he was performing his duties at or above Defendant's reasonable expectations" he was terminated because of his age and disability. (A. Compl. 1). Durst alleges that after his termination, IFIC distributed his insurance policy accounts to younger agents. Durst further alleges that he never received a franchise disclosure statement as required by Illinois law, that he was harassed by IFIC's agents and threatened that he would be terminated if he did not "sell, give or assign" the internet domain name "farmersinsurancegroup.net," which Durst had owned for six years. (A. Compl. 5). On October 11, 2005, Durst filed the instant amended complaint, alleging employment discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101*et seq.* (Count I), violations of the Illinois Franchise Disclosure Act ("IFDA") (Count II), violations of the Illinois Consumer Fraud Act ("Fraud Act") (Count III), a claim alleging negligence for a breach of the duty of good faith and fair dealing (Count IV), and a breach of contract claim (V). On January 11, 2006, Durst voluntarily dismissed the ADA claim, leaving the ADEA claim. On January 12, 2006, we granted IFIC's motion to dismiss Counts II, III, and IV of the amended complaint. IFIC is now moving for summary judgment on Durst's ADEA claim in Count I and the breach of contract claim in Count V.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). In seeking a grant of summary judgment, the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but "by affidavits or as otherwise provided for in [Rule 56] must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must consider the evidence as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the

non-moving party. *Anderson*, 477 U.S. at 255.

## DISCUSSION

IFIC is moving for summary judgment on Durst's ADEA claim in Count I and Durst's breach of contract claim in Count V. As an initial matter, we note that Durst did not file a complete response to IFIC's Local Rule 56.1 statements of facts, and instead only responded to a handful of the paragraphs in IFIC's statements of facts. In addition, when Durst did respond to IFIC's statements of facts, Durst often cited to his entire affidavit, rather than to specific statements in his affidavit. Local Rule 56.1 states that a party opposing a motion for summary judgment must provide "a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, *specific* references to the affidavits, parts of the record, and other supporting materials relied upon, and [that] [a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." (LR 56.1)(emphasis added). Therefore, the Local Rule 56.1 statements of facts by IFIC to which Durst has either not responded or improperly responded will be deemed admitted for purposes of the instant motion. *See Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-18 (7th Cir. 2004)(stating that "[c]itations to an entire transcript of a deposition or to a lengthy exhibit are not specific and are, accordingly, inappropriate").

4

I. Durst's ADEA Claim (Count I)

IFIC has moved for summary judgment on Durst's ADEA claim in Count I. In support of the motion for summary judgment, IFIC raises a number of arguments, including that Durst is precluded from bringing an ADEA claim because he was not an employee of IFIC. To fall within the protection of the ADEA, a plaintiff must be an employee or former employee of the defendant, rather than an independent contractor. *See Flannery v. Recording Industry Ass'n of America*, 354 F.3d 632, 642 (7th Cir. 2004)(stating that "the ADEA . . . only protect[s] 'employees' and not independent contractors [and that] independent contractors do not have standing to sue under" the ADEA). The Seventh Circuit has applied the following five-factor test in determining whether an individual is an employee or an independent contractor:

> (1) the extent of the employer's control and supervision over the worker, including directions on scheduling and performance of work, (2) the kind of occupation and nature of skill required, including whether skills are obtained in the workplace, (3) responsibility for the costs of operation, such as equipment, supplies, fees, licenses, workplace, and maintenance of operations, (4) method and form of payment and benefits, and (5) length of job commitment and/or expectations.

*Alexander v. Rush North Shore Med. Center*, 101 F.3d 487, 492 (7th Cir. 1996). We will consider each of these factors in turn.

A. IFIC's Control Over Durst Factor

The Seventh Circuit has held that an individual is more likely to be an

5

employee "'[i]f [his] employer has the right to control and direct the work of [the] individual, not only as to the result to be achieved, but also as to the details by which that result is achieved . . . .'" *Id.* (quoting *Ost v. West Suburban Travelers Limousine, Inc.*, 88 F.3d 439 (7th Cir. 1996) and *Spirides v. Reinhardt*, 613 F.2d 826, 831-32 (D.C. Cir. 1979)). In the instant action, Durst admits pursuant to Local Rule 56.1 that his employment agreement with IFIC ("Agreement") provides that "[t]he time to be expended by [Durst] is solely within [his] discretion, and the persons to be solicited and the areas wherein solicitation shall be conducted is at the election of [Durst]." (Resp. SF Par. 9). Durst also admits pursuant to Local Rule 56.1 that the Agreement provides that "[Durst] shall, as an independent contractor, exercise sole right to determine the time, place and manner in which the objectives of this Agreement are carried out . . . ." (Resp. SF Par. 9). Such provisions in an employment contract are indicative of an independent contractor relationship. *Hayden v. La-Z-Boy Chair Co.*, 9 F.3d 617, 622 (7th Cir. 1993). In addition, Durst admits pursuant to Local Rule 56.1 that he provided, without reimbursement, his own facilities, equipment, and supplies, and that he, not IFIC, employed other people to work in his office. (Resp. SF Par. 14). Durst admits pursuant to Local Rule 56.1 that "he was free to manage his own schedule and to determine the manner in which he conducted his business. (Resp. SF Par. 14). These undisputed facts are convincing evidence that Durst was hired as an independent contractor.

      IFIC does admit that it exercised some oversight over Durst. For example,

IFIC admits in its Local Rule 56.1 statement of facts that an IFIC manager telephoned Durst ten to fifteen times a month and visited Durst's office four to five times a month. (SF Par. 35-36). However, the Seventh Circuit has found in *Aberman v. J. Abouchar & Sons, Inc.*, 160 F.3d 1148 (7th Cir. 1998), that over sixty-eight phone calls in three months were "far short of establishing the necessary control" to show a person was an employee. *Aberman*, 160 F.3d at 1150. In addition, pursuant to Local Rule 56.1, Durst admits that many of the limits that IFIC placed on Durst's actions were actually mandated by Illinois law. (Resp. SF Par. 43). Therefore, we find that no reasonable trier of fact could find other than that IFIC did not exert the necessary control and supervision over Durst in order for Durst to be classified as an employee.

B.  Kind of Occupation and Nature of Skill Factor

The Seventh Circuit has held that "[a]n individual's unique work skills may indicate independent contractor status [but that] if the individual requires substantial training and supervision, an employee/ employer status is more likely." *Worth v. Tyer*, 276 F.3d 249, 263 (7th Cir. 2001). In the instant action, Durst's position as an insurance agent involved skilled work that required passing certain examinations required by the state of Illinois. Furthermore, as we discussed above, Durst had significant control over his work, in addition to the fact that Durst supervised employees of his own. The nature of Durst's occupation and the skill required of the

7

individual occupying such a position indicate that Durst was an independent contractor.

### C. Responsibility for the Costs of Operation Factor

Pursuant to Local Rule 56.1, Durst admits that he was responsible for "providing his own facilities, equipment, and supplies," and that IFIC did not reimburse Durst for these costs. (Resp. SF Par. 14, 19). Durst also admits pursuant to Local Rule 56.1 that he hired and compensated the people he employed to work in his office. (Resp. SF Par. 14-15). Finally, Durst admits pursuant to Local Rule 56.1 that he paid for his own business licensing and insurance costs. (Resp. SF Par. 17). Therefore, the above factors also indicate that Durst was an independent contractor of IFIC.

### D. Method and Form of Payment and Benefits Factor

Durst admits pursuant to Local Rule 56.1 that IFIC "did not compensate [him] through [its] payroll systems, [and that IFIC] did not withhold income taxes, social security taxes or other amounts from his compensation . . . ." (Resp. SF Par. 12). Even more importantly, Durst admits pursuant to Local Rule 56.1 that during his employment with IFIC, he represented to the Internal Revenue Service that he was a sole proprietor and that he did not receive wages from his insurance work. (Resp. SF Par. 26). Durst also admits that he paid self-employment taxes and took

8

deductions that were only available to sole proprietors. (Resp. SF Par. 26). Therefore, this factor favors finding that Durst was an independent contractor.

E.  Length of Job Commitment and/or Expectation Factor

Generally, "[c]ontracts of a set length . . . indicate independent contractor status." *Worth v. Tyer*, 276 F.3d 249, 264 (7th Cir. 2001). In the instant action, either party was able to terminate Durst's Agreement with IFIC without cause after providing notice. However, the Agreement clearly indicated that Durst was an independent contractor, and therefore, Durst could not have had job expectations as employee.

The totality of the undisputed facts in this case clearly shows that Durst was an independent contractor of IFIC. Based on the foregoing analysis, no reasonable trier of fact could find that Durst was an employee of IFIC. Therefore, we grant IFIC's motion for summary judgment on Count I.

II.  Breach of Contract Claim (Count V)

IFIC has also moved for summary judgment on Durst's breach of contract claim in Count V. In support of its motion, IFIC claims that Durst "admits that he repeatedly breached the agreement, and thus warranted Farmers' decision to terminate the Agreement upon 30 days' notice." (Mot. 14). The Agreement provides that Durst must "conform to normal good business practice, and to all State

and Federal laws governing the conduct of [IFIC] and [its] Agents." (Ex. 3, § J). The Agreement also provides that Durst would "sell insurance . . . in accordance with [IFIC's] published Rules and Manuals." (Ex. 3, § B).

Pursuant to Local Rule 56.1, Durst admits that he violated IFIC's policy regarding home inspections on a regular basis. (Resp. SF Par. 64-75). Durst also admits that he allowed his unlicensed employees to provide insurance services to customers and that "on at least ten occasions," he violated IFIC's policies by providing discounts to youth drivers without complying with proper procedures. (Resp. SF Par. 83-89, 92-97). Finally, Durst admits that on June 25, 2003, he received a memorandum from an IFIC executive in which Durst was told that his "[f]ailure to comply with company guidelines is unacceptable" and that IFIC would terminate its relationship with Durst if he continued to break company policies. (Resp. SF Par. 96).

Based on the above-mentioned undisputed facts, we find that no reasonable trier of fact could find other than that Durst had breached the Agreement, and that IFIC did not act improperly when it initiated action to terminate its relationship with Durst. Therefore, based on the foregoing, we grant IFIC's motion for summary judgment on Count V.

## CONCLUSION

Based on the foregoing analysis, we grant IFIC's motion for summary judgment in its entirety.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 31, 2006